UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT LOOPE, individually and on behalf
of all others similarly situated,

        Plaintiff,        **ANSWER TO COMPLAINT**

   - against -        Case No.: 5:22-cv-349 (GTS/ML)

NVA FINANCIAL SERVICES, LLC, a
Virginia limited liability company,

        Defendant.

---

    Defendant NVA FINANCIAL SERVICES, LLC (hereinafter "Defendant"), by and through their attorneys, Roemer Wallens Gold & Mineaux LLP (Benjamin D. Heffley, of Counsel), as and for their Answer to the Complaint of plaintiff ROBERT LOOPE, individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), state and allege as follows:

    1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1".

    2.    Defendant admits the allegations contained in paragraph "2".

    3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "3".

    4.    As to the allegations contained in paragraph "4", Defendant admits that the Court has personal jurisdiction over Defendant, but denies any and all allegations that it committed any illegal, tortious or otherwise wrongful acts.

    5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "5".

    6.    Defendant denies the allegations contained in paragraph "6".

    7.    Defendant denies the allegations contained in paragraph "7".

8. Defendant denies the allegations contained in paragraph "8".

9. Defendant denies the allegations contained in paragraph "9".

10. Defendant denies the allegations contained in paragraph "10".

11. Defendant denies the allegations contained in paragraph "11".

12. Defendant denies the allegations contained in paragraph "12".

13. Defendant denies the allegations contained in paragraph "13".

14. Defendant denies the allegations contained in paragraph "14".

15. Defendant denies the allegations contained in paragraph "15".

16. Defendant denies the allegations contained in paragraph "16".

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17".

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "18".

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19".

20. Defendant denies the allegations contained in paragraph "20".

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "21".

22. Defendant denies the allegations contained in paragraph "22".

23. Defendant denies the allegations contained in paragraph "23".

24. Defendant denies the allegations contained in paragraph "24".

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "25".

26. Defendant denies the allegations contained in paragraph "26".

27. Defendant denies the allegations contained in paragraph "27".

28. Defendant denies the allegatioons contained in paragraph "28".

29. Defendant denies the allegations contained in paragraph "29".

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "30".

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "31".

32. Defendant denies the allegations contained in paragraph "32".

33. Defendant denies the allegations contained in paragraph "33".

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "34".

35. Defendant denies the allegations contained in paragraph "35".

36. Defendant denies the allegations contained in paragraph "36".

37. As and for their answer to paragraph "37" Defendant repeats each and every paragraph of this answer as if set forth more fully therein.

38. Defendant denies the allegations contained in paragraph "38".

39. Defendant denies the allegations contained in paragraph "39".

40. Defendant denies the allegations contained in paragraph "40".

41. Defendant denies the allegations contained in paragraph "41".

42. Defendant denies the allegations contained in paragraph "42".

43. Defendant denies the allegations contained in paragraph "43".

44. As and for their answer to paragraph "44" Defendant repeats each and every paragraph of this answer as if set forth more fully therein.

45. Defendant admits the allegations contained in paragraph "45" in so far as they accurately restate 47 C.F.R. § 64.1200(c).

46. Defendant admits the allegations contained in paragraph "46" in so far as they accurately restate 47 U.S.C. § 227(c).

47. Defendant denies the allegations contained in paragraph "47".

48. Defendant denies the allegations contained in paragraph "48".

49. Defendant denies the allegations contained in paragraph "49".

50. Defendant denies the allegations contained in paragraph "50".

51. As and for their answer to paragraph "51" Defendant repeats each and every paragraph of this answer as if set forth more fully therein.

52. Defendant admits the allegations contained in paragraph "52" in so far as they accurately restate 47 C.F.R. § 64.1200(d).

53. Defendant denies the allegations contained in paragraph "53".

54. Defendant admits the allegations contained in paragraph "54" in so far as they accurately restate 47 U.S.C. § 227(c)(5).

55. Defendant denies the allegations contained in paragraph "55".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

56. Plaintiff fails to state causes of action against the Defendant upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

57. The claims of Plaintiff and/or potential class members are barred by the applicable statutes of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

58. The claims of Plaintiff and/or putative class members are barred by the applicable statutes of limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

59. Plaintiff's claims are barred by the doctrine of unclean hands.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

60. Plaintiff's claims are barred by the doctrine of estoppel.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

61. Plaintiff and/or putative class members have waived any right to the relief sought in this complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

62. Plaintiff's claims are barred by the doctrine of laches.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

63. Plaintiff and/or putative class members' claims are barred because they consented to the conduct alleged in the Complaint.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

64. Plaintiff lacks standing to state the claims alleged in the Complaint and/or to assert the legal rights or interests of others.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

65. The Compliant does not state facts sufficient to certify a class.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

66. Plaintiff is not a proper representative of the class he purports to represent.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES AS FOLLOWS:**

67. Plaintiff cannot maintain a class action because the putative class members are not similarly situated.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

68. The Complaint fails to state a cause of action upon which an award of punitive damages or attorneys' fees can be awarded.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

69. At all times, Defendant acted reasonably, in good faith, for legitimate lawful and justified reasons which were not retaliatory, willful or malicious.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

70. Defendant is entitled to setoff, offset, and/or recoupment for amounts paid to Plaintiffs and/or any member of the putative class.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

71. Any injury or damage allegedly suffered by Plaintiffs was caused or contributed to by the negligence, fault, bad faith, breach of contract, or other wrongful or tortious conduct of Plaintiff and/or persons or entities other than Defendant, and such conduct offsets, eliminates or comparatively reduces the liability, if any, of Defendant.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

72. The Complaint fails to state a cause of action upon which an award of punitive or treble damages or attorneys' fees can be awarded.

WHEREFORE, the answering Defendant demands:

(1)     Judgment dismissing the Complaint in its entirety;

(2) If Plaintiff recovers a judgment, then Defendant demands a diminution of the recoverable damages by an amount that constitutes the equitable proportion of the damages caused by Plaintiff's own conduct;

(3) Judgment declaring that the procedures, policies and actions were proper and in compliance with pertinent laws;

(4) The costs, disbursements and attorneys' fees associated with this action; and

(5) Such other and further relief as the Court deems just and proper.

Dated: Albany, New York
June 15, 2022

Respectfully submitted,

ROEMER WALLENS GOLD & MINEAUX LLP
Attorneys for Defendant

By: *s/ Benjamin D. Heffley, Esq.*
Benjamin D. Heffley
(NDNY Bar Roll No.: 517229)
Office & P.O. Address:
13 Columbia Circle
Albany, New York 12203
Tel. No.: 518.464.9589
Fax No.: 518.464.1010

TO: James R. Peluso, Esq.